UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TANWEER ABBAS,

                Plaintiff,

    - against -

TIMOTHY KIENZLER and
ADELE KIENZLER,

                Defendants.
------------------------------------------------------------X

**ORDER OF REMAND TO STATE COURT**
10-CV-5100 (RRM) (VVP)

**MAUSKOPF, United States District Judge.**

      This personal injury action, arising out of a motor vehicle accident that occurred in Albany, New York, was commenced by Plaintiff, a resident of Kings County, New York, in the Supreme Court of the State of New York, County of Kings, on April 23, 2010. On April 29, 2010, Defendants, residents of Indiana, were timely served with the Summons and Complaint through the New York Department of State pursuant to Section 253 of the Vehicle and Traffic Law. Defendants Answered, first by mailing a letter with their Answer to the Supreme Court on July 7, 2010, and subsequently electronically filing the Answer on August 27, 2007.

      On November 3, 2010, Defendants filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In support of diversity of citizenship, Defendants, cite the state court Complaint annexed to the Notice of Removal, and assert that "plaintiff is a resident of the State of New York and currently resides in Kings County." Notice of Removal ¶ 7. Defendants further assert that they are both individuals "who reside[ ] in Indiana." Notice of Removal ¶¶ 8, 9.

      In support of their claim that the amount in controversy exceeds the statutory threshold of $75,000, Defendants assert the following:

1

1) plaintiff, in his complaint, alleges "serious injury" as defined by Section 5102(d) of the New York State Insurance Law and has suffered economic loss greater than basic economic loss as defined in Section 5102(a) of the State Insurance Law; *see* Notice of Removal, ¶ 12;

2) plaintiff has provided medical records that document various injuries suffered as a result of the accident and certain medical treatments; *see* Notice of Removal ¶ 13; and

3) while plaintiff's complaint does not specify any amount of damages in his complaint, "recently there has been a settlement demand well in excess of 75,000." *See* Notice of Removal, ¶ 14. [1]

On November 15, 2010, Plaintiff requested a pre-motion conference pursuant to this Court's Individual Motion Practices and Rules, in anticipation of filing a Motion to Remand this matter to state court. On November 17, 2010, this Court issued an Order advising the parties that a pre-motion conference was not required, and setting a briefing schedule for Plaintiff's Motion to Remand. The Motion was timely filed on November 24, 2010, and Defendants' Opposition was timely filed on December 10, 2010.

For all of the reasons and law set forth in Plaintiff's Memorandum of Law in support of its Motion for Remand [Doc. No. 3-1], this Court lacks subject matter jurisdiction under 28 U.S.C. 1332(a), both with regard to diversity of citizenship and the amount in controversy, and Plaintiff's Motion to Remand this action to the Supreme Court of the State of New York, County of Kings, is GRANTED.

In addition, Defendants attempt to rely on medical records provided by Plaintiff on an unspecified date, and an *oral* settlement demand of $150,000, made by Plaintiff's attorney in July, 2010. These do not provide sufficient bases to render Defendants' removal petition valid or

---

[1] Plaintiffs Complaint, the only document appended to the Notice of Removal, does not set forth the injuries or medical treatment on which Defendant relies in support of the requisite amount in controversy, nor does the notice provide details regarding the alleged settlement demand. Only in their opposition to the Plaintiff's Motion to Remand do Defendants provide further information regarding these matters. The medical records are attached as part of a lengthy exhibit, *see* Exhibit F, Doc. No. 4 at pp.43-55, and Defendants do not indicate when or how they were received. The settlement demand was allegedly made orally by Plaintiff's counsel in a telephone conversation with Defendants' counsel sometime in July 2010. *See* Affirmation of Thomas M. Reardon, III, Doc. No. 4, ¶ 2.

timely.  First, Defendants do not specify when the medical records were received, nor do those records constitute the type of "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b); *see Moltner v. Starbucks Coffee Company*, 624 F.3d 34, 36 (2d Cir. 2010) (requiring a "bright line" established through a pleading or other paper that explicitly specifies the amount of monetary damages sought); *see also*, *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) (basis for removal must be ascertained from the initial complaint or other pleading).  Second, reliance on an oral settlement demand, even assuming it was made on the last day of July, does not render the notice of removal timely as the notice was filed well beyond 30 days from the date of this demand.  Moreover, an oral demand is not a pleading or other paper that meets the requisites of 28 U.S.C. § 1446(b) .  *See Moltner* and *Whitaker*, *supra.*; *see also*,  *Quintana v. Werner Enterprises, Inc.*, 09-CV-7771 (PKC), 2009 U.S. Dist. LEXIS 105861 at *3 (S.D.N.Y. November 2, 2009) (finding oral settlement demand insufficient to trigger the 30-day removal clock).

The Court notes that Defendants have not availed themselves of the provisions of Section 3017(c) of the New York Civil Practice Laws and Rules, which allows defendants to request, at any time, a supplemental demand setting forth the total damages to which the pleader deems himself entitled .  Had they done so before attempting to remove this action, Defendants may have been in a position to ascertain the existence of the amount in controversy in a manner sufficient to meet their burden on removal.  *Pinson v. Knoll*, 07-CV_1739 (RPP), 2007 U.S. Dist. LEXIS 44201 at *8, f.n. 3 (S.D.N.Y. June 18, 2007).

## CONCLUSION

Plaintiff's Motion for Remand [Doc. No. 3], is GRANTED, and this Court hereby ORDERS that this action be immediately remanded to the Supreme Court of the State of New York, County of Kings, and this file closed.

SO ORDERED.

Dated: Brooklyn, New York
       December 21, 2010

/S/
_____
ROSLYNN R. MAUSKOPF
United States District Judge